IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-01825-RPM

TROY A. GUTIERREZ,

         Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

         Defendant.

_____

ORDER OF REVERSAL AND FOR REMAND
_____

   This is a judicial review under 42 U.S.C. § 405(g) of the denial of Disability Insurance Benefits and Supplemental Security Income under the Social Security Act because of a determination by an Administrative Law Judge ("ALJ") after a hearing on June 13, 2006, that Mr. Gutierrez could perform such jobs as an escort vehicle driver, document preparer and paramutual ticket checker despite severe limitations from osteoarthritis of both knees and degenerative arthritis of his wrists.

  The claimant appealed the decision to the Appeals Council, submitting a consultative examination report by Dr. Mark Stevens, M.D., of an examination conducted on June 25, 2005. (R. 190-192). That report was not considered by the ALJ because it had been placed in a file for what was treated as a new application for benefits filed in March, 2005, whereas the applications considered by the ALJ were filed in March and April of 2004. The Appeals Council considered Dr.

Stevens' report but found that it was consistent with a sedentary residual functional capacity and therefore did not warrant any change in the ALJ's findings and conclusions.  (R. 6).  After review of the full record, that conclusion is rejected because the exertional limitations found by Dr. Stevens materially affect the ALJ's findings concerning those limitations and his evaluation of the claimant's credibility.

The claimant was 45 years old at the time of his hearing.  He has worked as a heavy equipment operator, coal miner and carpenter and has not had substantial gainful employment since the alleged onset of disability in April, 2002.  He lived in Spokane, Washington, where he was evaluated for complaints of pain in his knees and wrists by Dr. Lijo Thomas, M.D., in May, 2004.  Dr. Thomas reported a diagnosis of degenerative arthritis in both knees and both wrists with severely limited overall work level because of limitations in balancing, bending, climbing, crouching, handling, kneeling, reaching and stooping. (R. 151-156).  The ALJ rejected that opinion and gave greater weight to the opinion of a state agency medical consultant who conducted a record review and reported that the claimant had a sedentary residual functional capacity.  That report from Dr. Howard Platter, M.D., is dated in August, 2004.  (R. 166-67).

The medical records show that in September, 2004, Mr. Gutierrez sought treatment for bilateral knee pain and was referred to Dr. Craig Bone, M.D., who performed knee replacement surgery for the right knee at Holy Family Hospital in Spokane, Washington, on November 15, 2004.  (R. 173-174).

Mr. Gutierrez moved to Trinidad, Colorado, and was seen by Dr. Laura E. Ellis on June 1, 2006, (R. 176-177) and again on June 7, 2006. (R. 178).

In his decision, the ALJ discounted the plaintiff's complaints of pain and exertional limitations, finding that they were not supported by the medical records and were not totally credible. (R.16-22). Notably, the credibility determination relied on the asserted failure of Mr. Gutierrez to attend a scheduled consultative examination in Spokane, suggesting a lack of cooperation that was deemed to be inconsistent with his allegations of disability. That finding was based on a report from an office in Spokane that he had failed to appear at a scheduled examination on June 14, 2004, and on the statement of a cab company dispatcher that the ride had been cancelled at the door. (R. 92). That report further indicates that Mr. Gutierrez had an explanation and at the hearing before the ALJ, when asked about it, Mr. Gutierrez denied any refusal to get into any vehicle. The multiple hearsay relied on by the ALJ could not be considered any evidence supporting that factor in his credibility determination.

The ALJ also relied on the lack of pain medication being prescribed for Mr. Gutierrez, failing to recognize and appreciate that he had moved to Trinidad to live with his parents and was not adequately informed regarding what medical care was available to him as an indigent.

The ALJ's reliance on the opinion of the medical records reviewer in August, 2004, is inconsistent with the obvious fact that degenerative arthritis is a progressive disease and Dr. Platter did not have the operative report of the knee replacement surgery in November, 2004.

3

It is apparent that the denial decision at Step 5 of the Sequential Evaluation Process by the ALJ was flawed in that the report from Dr. Stevens could have been made available to him and would have affected his evaluation of the claimant's condition. It is therefore

ORDERED that the denial decision is vacated and this matter is remanded to the Commissioner for a new evaluation, including a new hearing before an Administrative Law Judge.

Dated: February 13th, 2009

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge